IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-170-GPG
(**The above civil action number must appear on all future papers sent to the court in this action.  Failure to include this number may result in a delay in the consideration of your claims.**)

MARK STEPHEN MECHIKOFF,

    Plaintiff,

v.

DAVID ALLRED,
DOMINIC JOHN,
SATTINDER RATTAN,
DAVID OBA,
FEDERAL BUREAU OF PRISONS,

    Defendants.

## SECOND ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES

Plaintiff, Mark Stephen Mechikoff is in the custody of the Federal Bureau of Prisons incarcerated at the U.S. Penitentiary Florence High in Florence, Colorado.  On January 22, 2016, he filed *pro se* a Prisoner Complaint (ECF No. 1) and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 2).

The Court issued an Order Directing Plaintiff to Cure Deficiencies in the documents on January 25, 2016 (ECF No. 4). Specifically, the Court instructed Plaintiff to file a certified copy of his trust fund statement for the 6-month period immediately preceding the filing or, in the alternative, to pay the filing fee.  Further, the Court noted that the Complaint may be incomplete because Plaintiff referenced a "Page 10," but there was no page 10 submitted.  Plaintiff was directed to use the court-approved forms

1

for filing a Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 to cure the deficiencies within thirty days. In response, on February 9, 2016, Plaintiff filed a Letter with the Court (ECF No. 5) and attached his prisoner account statement as well page 9 and 10 of the Complaint.

However, the individual pages of the Complaint filed with Plaintiff's Letter were not a complete Complaint. The Court and Defendants cannot be forced to search for -- and then merge together -- separate filings in order to review a complete Complaint. Because it appears that Plaintiff attempted to cure the deficiencies noted in the Court's January 25, 2016 Order, the Court will provide Plaintiff an additional opportunity to cure the deficiency as described in this order.

Plaintiff is directed to cure the following if he wishes to pursue his claims. Any papers that Plaintiff files in response to this Order must include the civil action number on this Order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1)  __  is not submitted
(2)  __  is missing affidavit
(3)  __  is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4)  __  is missing certificate showing current balance in prison account
(5)  __  is missing required financial information
(6)  __  is missing authorization to calculate and disburse filing fee payments
(7)  __  is missing an original signature by the prisoner
(8)  __  is not on proper form
(9)  __  names in caption do not match names in caption of complaint, petition or habeas application
(10) __  other:

**Complaint, Petition or Application**:
(11) __  is not submitted
(12) __  is not on proper Court-approved form
(13) __  is missing an original signature by the prisoner
(14) __  is missing page nos.
(15) __  uses et al. instead of listing all parties in caption

2

(16)  __    names in caption do not match names in text
(17)  __    addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application
(18)  _X_   other:  <u>Plaintiff must submit a complete Complaint that includes all of the pages.</u>

The Court also notes that in Plaintiff's Letter (ECF No. 5), he requests this Court to "waive or lower" the filing fee. The Court cannot grant Plaintiff's request. In 1996, Congress passed the Prison Litigation Reform Act ("PLRA") in an effort to "reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees." *Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003)(citations omitted). Under the PLRA, if a prisoner commences a civil action *in forma pauperis*, the prisoner "shall be required to pay the full amount of the filing fee," regardless of whether the case is dismissed or denied after filing. *See* 28 U.S.C. § 1915(b)(1); *see also Cosby v. Meadors*, 351 F.3d 1324. Therefore, if Plaintiff cures the designated deficiency in his Complaint and the Court grants him leave to proceed *in forma pauperis*, he will be required to pay the full amount of the filing fee.

Further, in the Letter, Plaintiff also requests this Court to provide him copies of all of his "paperwork sent." (ECF No. 5). The Court also cannot grant this request. As the Court's instructions for filing a Prisoner Complaint indicate: "You should keep a copy of the complaint for your records. The Court will not provide a copy for you."

Accordingly, it is

ORDERED that Plaintiff cure the deficiency designated above **within thirty days from the date of this Order**. In order to cure the deficiencies, Plaintiff must file a complete Complaint on the Court-approved form and include all pages. It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved form used in filing a Prisoner Complaint, along with the applicable instructions, at [www.cod.uscourts.gov](www.cod.uscourts.gov), and use the form to cure the above noted deficiency.  It is

FURTHER ORDERED that if Plaintiff fails to cure the designated deficiency **within thirty days from the date of this Order** the action will be dismissed without further notice.

DATED February 17, 2016, at Denver, Colorado.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge