IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-170-GPG

MARK STEPHEN MECHIKOFF,

    Plaintiff,

v.

DAVID ALLRED,
DOMINIC JOHN,
SATTINDER RATTAN,
DAVID OBA,
FEDERAL BUREAU OF PRISONS,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Mark Stephen Mechikoff, is in the custody of the Federal Bureau of Prisons, currently incarcerated at the U.S. Penitentiary Florence High in Florence, Colorado.  On January 22, 2016, he filed *pro se* a Prisoner Complaint (ECF No. 1) and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 2). Magistrate Judge Gordon P. Gallagher issued an Order Directing Plaintiff to Cure Deficiencies in the documents on January 25, 2016 (ECF No. 4). Specifically, Magistrate Judge Gallagher instructed Plaintiff to file a certified copy of his trust fund statement for the 6-month period immediately preceding the filing or, in the alternative, to pay the filing fee.  Further, the Court noted that the Complaint may be incomplete because Plaintiff referenced a "Page 10" in the text of the Complaint, but there was no page 10 included.  Plaintiff was directed to use the court-approved forms for filing a

1

Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 to cure the deficiencies within thirty days. In response, on February 9, 2016, Plaintiff filed a Letter with the Court (ECF No. 5) and attached his prisoner account statement as well as pages 9 and 10 of the Complaint.

Magistrate Judge Gallagher reviewed the Letter and the submitted documents and determined that they were deficient. The individual pages of the Complaint filed with Plaintiff's Letter were not a complete Complaint. Magistrate Judge Gallagher informed Plaintiff that the Court and Defendants cannot be forced to search for -- and then merge together -- separate filings in order to review a complete Complaint. Therefore, on February 17, 2016, the Court ordered Plaintiff to cure the deficiency by submitting a complete complaint that included all of the pages. (ECF No. 6). Plaintiff was warned that the action would be dismissed without further notice if he failed to cure the deficiency within thirty days.

Mr. Mechikoff has failed to cure the deficiency within the time allowed and he has failed to respond in any way to Magistrate Judge Gallagher's February 17, 2016 order. Therefore, the action will be dismissed without prejudice for failure to cure the deficiency.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States

Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to cure the deficiency as directed and failure to prosecute. It is

FURTHER ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 2) is DENIED as moot. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  30th  day of   March  , 2016.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court